# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| MICHELIN NORTH AMERICA, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. _____ |
| TIRE RECAPPERS OF NASHVILLE, INC., | ) ) ) |
| Defendant. | ) |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Michelin North America, Inc. ("Plaintiff" or "Michelin"), for its Complaint against Defendant Tire Recappers of Nashville, Inc. ("Defendant" or "Tire Recappers"), hereby alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action for the infringement of United States Design Patent Nos. D530,266 ("the D'266 patent") and D639,235 ("the D'235 patent") (collectively, "patents-in-suit") under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*, arising from Tire Recappers' manufacture, use, offer to sell and/or sale of infringing tire products.

## THE PARTIES

2. Plaintiff Michelin North America, Inc. is a New York corporation having its principal place of business at 1 Parkway S., Greenville, South Carolina, 29605, United States.

3. Upon information and belief, Defendant Tire Recappers of Nashville, Inc. is a Tennessee corporation having its principal place of business at 3000 Nolensville Pike, Nashville, Tennessee, 37211, United States. Upon information and belief, Tire Recappers also possesses four warehouses for product storage in the Nashville, Tennessee area.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this complaint pursuant to 28 U.S.C. §§ 1331 and 1338(a), because this is an action arising under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*

5. This Court has personal jurisdiction over Tire Recappers because (a) Tire Recappers is a Tennessee corporation having its principal place of business in Nashville, Tennessee, (b) upon information and belief, Tire Recappers regularly conducts business in Tennessee through the manufacture and/or sale of products in Tennessee, and (c) Tire Recappers committed tortious acts within the state of Tennessee giving rise to this action.

6. Venue is proper under 28 U.S.C. §§ 1391(b) and (c), and/or 1400(b), because Tire Recappers is subject to personal jurisdiction in this district, and Tire Recappers has committed acts of patent infringement in this District.

## THE PATENTS-IN-SUIT

7. On October 17, 2006, the D'266 patent, entitled "Tire Tread," was duly and legally issued by the U.S. Patent and Trademark Office ("USPTO"). A true and correct copy of the D'266 patent is attached as **Exhibit A**. The D'266 patent is valid, enforceable and currently in full force and effect.

8. Michelin is the owner and assignee of all substantial rights, title and interest in the D'266 patent, including the right to bring this action and enforce the D'266 patent against infringers, and to collect damages for all relevant times.

9. On June 7, 2011, the D'235 patent, entitled "Tire Tread," was duly and legally issued by the USPTO. A true and correct copy of the D'235 patent is attached as **Exhibit B**. The D'235 patent is valid, enforceable and currently in full force and effect.

10. Michelin is the owner and assignee of all substantial rights, title and interest in the D'235 patent, including the right to bring this action and enforce the D'235 patent against infringers, and to collect damages for all relevant times.

## FACTUAL BACKGROUND

11. Michelin is a leader in tire manufacture and innovation, and it conducts business in the United States, including in Tennessee. Michelin's tire brands include Michelin, BFGoodrich and Uniroyal.

12. Michelin makes, sells and promotes tire products whose ornamental tire tread designs are protected by the D'266 patent. These products include BFGoodrich T/A KM2 tires. BFGoodrich T/A KM2 tires are offered for sale and/or sold in the United States, including in Tennessee.

13. Michelin makes, sells and promotes tire products whose ornamental tire tread designs are protected by the D'235 patent. These products include Michelin LTX M/S 2 tires. LTX M/S 2 tires are offered for sale and/or sold in the United States, including in Tennessee.

14. Upon information and belief, Tire Recappers offers tire recapping services in the Nashville, Tennessee area. Upon information and belief, Tire Recappers manufactures tires using a hot recapping process where the tread design is formed during the molding and curing process while bonding the tread rubber to the carcass.

15. Upon information and belief, Tire Recappers owns and operates the website www.tirerecappers.com. Through its website and at its principal place of business, Tire Recappers offers tire products for sale, including retread tires. These tire products include Tire Recappers' Cross Grip M/T tires, and All Position Highway 2 tires.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF:
### (INFRINGEMENT OF THE D'266 PATENT)

16. Michelin hereby incorporates by reference paragraphs 1-15 as if fully set forth herein.

17. The claimed design of the D'266 patent is shown in Figures 1 and 2 of the patent and described in the accompanying figure descriptions. *See* Exhibit A. Representative images are below:



Fig. 1    Fig. 2

18. Tire Recappers offers the Cross Grip M/T tires for sale, including through its website.[1] A representative image of a Cross Grip M/T tire from Tire Recappers' website is below:

---

[1] *See* https://www.tirerecappers.com/tires/mud-terrain-tires/lt26570r17-retread-cross-grip-mt/ (last accessed on July 6, 2017); *see also* https://www.tirerecappers.com/?s=cross+grip+m%2Ft&post_type=product (listing various other Cross Grip M/T products).



19. In the eye of the ordinary observer familiar with the relevant prior art, giving such attention as a purchaser usually gives, the claimed design of the D'266 patent and the tread design of at least Tire Recappers' Cross Grip M/T tires are substantially the same, such that the ordinary observer would be deceived into believing that the tread design of Tire Recappers' Cross Grip M/T tire is the design claimed in the D'266 patent.

20. Michelin did not give Tire Recappers authorization or license to make, use, offer to sell, or sell the infringing products.

21. Tire Recappers has directly infringed, and continues to directly infringe, the D'266 patent by making, using, offering to sell, selling and/or importing tires, including Cross Grip M/T tires, having substantially the same ornamental design as the design claimed in the D'266 patent, in violation of 35 U.S.C. §§ 271(a) and 289.

22. Upon information and belief, Tire Recappers also induced, and continues to induce, others to infringe the D'266 patent by encouraging and promoting the use and/or sale by

others of tires that infringe the D'266 patent, including but not limited to Cross Grip M/T tires, in violation of 35 U.S.C. § 271(b).

23. Tire Recappers has had actual knowledge of the D'266 patent since at least the date on which Tire Recappers received service of the complaint in this action.

24. Upon information and belief, Tire Recappers has sold and continues to sell, offer to sell, distribute and market tire products that infringe the D'266 patent, including the Cross Grip M/T tires, to end consumers and/or resellers with the intent that these parties will use, market, offer to sell and/or sell the products in the United States in a manner that infringes the D'266 patent.

25. Upon information and belief, Tire Recappers knew or should have known that the use, marketing, offering to sell and selling of the infringing products by Tire Recappers or its resellers and/or customers would directly infringe the D'266 patent.

26. Tire Recappers' direct and induced infringement of the D'266 patent has caused and will continue to cause damage to Michelin.

27. Tire Recappers' direct and induced infringement has also caused and will continue to cause irreparable harm to Michelin unless and until such infringing conduct is enjoined pursuant to 35 U.S.C. § 283 and/or the equitable powers of this Court.

28. Upon information and belief, Tire Recappers' acts of infringement have been or will be undertaken with knowledge of the D'266 patent. Such acts constitute willful infringement and make this case exceptional pursuant to 35 U.S.C. §§ 284 and 285, and entitle Michelin to enhanced damages and reasonable attorney fees.

## SECOND CLAIM FOR RELIEF:
## (INFRINGEMENT OF THE D'235 PATENT)

29. Michelin hereby incorporates by reference paragraphs 1-28 as if fully set forth herein.

30. The claimed design of the D'235 patent is shown in Figures 1 through 3 of the patent and described in the accompanying figure descriptions. See Exhibit B. Representative images are below:



31. Tire Recappers offers the All Position Highway 2 tires for sale, including through its website.² A representative image of an All Position Highway 2 tire from Tire Recappers' website is below:

---

² *See* https://www.tirerecappers.com/tires/light-trucks-tires/p27555r20-retread-all-position-highway-2/ (last accessed on July 6, 2017); *see also* https://www.tirerecappers.com/?s=all+position+highway+2&post_type=product (listing various other All Position Highway 2 products).



32. In the eye of the ordinary observer familiar with the relevant prior art, giving such attention as a purchaser usually gives, the claimed design of the D'235 patent and the tread design of at least Tire Recappers' All Position Highway 2 tires are substantially the same, such that the ordinary observer would be deceived into believing that the tread design of Tire Recappers' All Position Highway 2 tire is the design claimed in the D'235 patent.

33. Michelin did not give Tire Recappers authorization or license to make, use, offer to sell, or sell the infringing products.

34. Tire Recappers has directly infringed, and continues to directly infringe, the D'235 patent by making, using, offering to sell, selling and/or importing tires, including All Position Highway 2 tires, having substantially the same ornamental design as the design claimed in the D'235 patent, in violation of 35 U.S.C. §§ 271(a) and 289.

35. Upon information and belief, Tire Recappers also induced, and continues to induce, others to infringe the D'235 patent by encouraging and promoting the use and/or sale by

others of tires that infringe the D'235 patent, including but not limited to All Position Highway 2 tires, in violation of 35 U.S.C. § 271(b).

36. Tire Recappers has had actual knowledge of the D'266 patent since at least the date on which Tire Recappers received service of the complaint in this action.

37. Upon information and belief, Tire Recappers has sold and continues to sell, offer to sell, distribute and market tire products that infringe the D'235 patent, including the All Position Highway 2, to end consumers and/or resellers with the intent that these parties will use, market, offer to sell and/or sell the products in the United States in a manner that infringes the D'235 patent.

38. Upon information and belief, Tire Recappers knew or should have known that the use, marketing, offering to sell and selling of the infringing products by Tire Recappers or its resellers and/or customers would directly infringe the D'235 patent.

39. Tire Recappers' direct and induced infringement of the D'235 patent has caused and will continue to cause damage to Michelin.

40. Tire Recappers' direct and induced infringement has also caused and will continue to cause irreparable harm to Michelin unless and until such infringing conduct is enjoined pursuant to 35 U.S.C. § 283 and/or the equitable powers of this Court.

41. Upon information and belief, Tire Recappers' acts of infringement have been or will be undertaken with knowledge of the D'235 patent. Such acts constitute willful infringement and make this case exceptional pursuant to 35 U.S.C. §§ 284 and 285, and entitle Michelin to enhanced damages and reasonable attorney fees.

**PRAYER FOR RELIEF**

WHEREFORE, Michelin respectfully requests the following relief:

- 9 -
Case 3:17-cv-01015   Document 1   Filed 07/10/17   Page 9 of 11 PageID #: 9

A. Entry of a judgment that Tire Recappers has directly and/or indirectly infringed the D'266 patent and that such infringement has been willful;

B. Entry of a judgment that Tire Recappers has directly and/or indirectly infringed the D'235 patent and that such infringement has been willful;

C. Entry of a permanent injunction against Tire Recappers, pursuant to 35 U.S.C. § 283 and/or the equitable powers of this Court, to prevent further direct and/or induced infringement of the D'266 patent;

D. Entry of a permanent injunction against Tire Recappers, pursuant to 35 U.S.C. § 283 and/or the equitable powers of this Court, to prevent further direct and/or induced infringement of the D'235 patent;

E. An award of damages, in an amount to be determined, adequate to compensate Michelin for the infringement that has occurred, pursuant to 35 U.S.C. § 284;

F. An Order requiring Tire Recappers to account for and pay to Michelin any and all profits made by Tire Recappers from sales of its infringing products pursuant to 35 U.S.C. § 289;

G. An Order requiring Tire Recappers to pay Michelin its costs and attorneys' fees in this action pursuant to 35 U.S.C. § 285 and/or other applicable laws;

H. Such other and further relief as the Court may deem just and proper.

Date: July 10, 2017                    /s/ *James A. Haltom*                        
                                       James A. Haltom (BPRN 28495)
                                       NELSON, MULLINS, RILEY & SCARBOROUGH LLP
                                       One Nashville Place
                                       150 Fourth Avenue, North
                                       Suite 1100
                                       Nashville, TN 37219
                                       Phone: (615) 664-5339
                                       Facsimile: (615) 664-5399

                                       John D. Murnane (pro hac vice admission forthcoming)
                                       FITZPATRICK, CELLA, HARPER & SCINTO
                                       1290 Avenue of the Americas
                                       New York, NY 10104-3800
                                       Phone: (212) 218-2100
                                       Facsimile: (212) 218-2200

                                       Justin J. Oliver (pro hac vice admission forthcoming)
                                       Jason M. Dorsky (pro hac vice admission forthcoming)
                                       FITZPATRICK, CELLA, HARPER & SCINTO
                                       975 F Street, N.W.
                                       Washington, DC 20004
                                       Phone: (202) 530-1010
                                       Facsimile: (202) 530-1055

                                       *Attorneys for Plaintiff Michelin North America, Inc.*